IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-338 |
| | ) | Judge Joy Flowers Conti |
| THE COUNTY OF WESTMORELAND | ) | Chief Magistrate Judge Amy Reynolds Hay |
| and THE WESTMORELAND COUNTY | ) | |
| PRISON, | ) | |
| | ) | |
| Defendants. | ) | Re Dkt. 33 |

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

Plaintiff commenced this case as a pro se prisoner by filing a pre-printed form complaint in which he supplied only minimal facts to support his claims [Dkt. 4]. Although counsel subsequently entered an appearance on plaintiff's behalf and filed an amended complaint, it contained even fewer factual details than the complaint filed by plaintiff pro se [Dkt. 16]. Consequently, defendants filed a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e), arguing that the deficiencies in the amended complaint made it impossible for them to adequately respond [Dkt. 23]. The Court agreed, and in a Memorandum Order dated March 12, 2009, granted defendants' motion and ordered plaintiff to file a Second Amended Complaint on or before March 31, 2009 [Dkt. 28]. The Court specifically directed plaintiff to indicate in the Second Amended Complaint: 1) what exactly happened to him on May 12, 2007 - the date in question; 2) whether plaintiff was, at the time of the events in question, a pretrial detainee, a convicted prisoner awaiting sentence or a sentenced prisoner; and 3) if applicable, whether his prisoner status changed at any time during the events that gave rise to this suit.

Plaintiff was also ordered to clarify what events "continued throughout an indeterminate amount of time," as had been alleged, and to specify what his medical needs and/or complaints were and what were the responses or lack of responses thereto.  Mem. Order p. 3.

Counsel filed a Second Amended Complaint on plaintiff's behalf on March 31, 2009 [Dkt. 29], which was superceded by a completed version filed on April 6, 2009 [Dkt. 31].[1] Arguing that the Complaint failed to cure the pleading deficiencies with respect to plaintiff's claims of failure to provide adequate medical treatment, defendants have now filed a motion to dismiss that portion of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, a motion seeking another more definite statement pursuant to Fed. R. Civ. P. 12(e).  For the reasons that follow, it is respectfully recommended that Defendants' Motion to Partially Dismiss for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6) or, Alternatively, Motion for More Definite Statement Pursuant to F.R.C.P. 12(e), be denied in its entirety.

II.     REPORT

The United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the long-adhered to 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the

---

[1] It appears that the Second Amended Complaint originally filed on March 31, 2009 [Dkt. 29] was not only not signed by counsel but merely set forth plaintiff's new averments and was not a complete document.  Although counsel subsequently submitted a signed version of the Second Amended Complaint [Dkt. 30] it was subsequently stricken after a third version, which was both signed and a complete document, was filed on April 6, 2009.  Thus, the Second Amended Complaint ("Complaint") filed on April 6, 2009, is the operative complaint [Dkt. 31].

complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.  The question is not whether the plaintiff will prevail in the end but, rather, is whether the plaintiff is entitled to offer evidence in support of his or her claims.  See Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

> Similarly,
>
> A motion for a more definitive statement will be granted only "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e); *Arthur A. Aranson, Inc. v. Ing-Rich Metals Products Co.*, 12 F.R.D. 528, 530 (W.D. Pa. 1952).  Thus, a motion for a more definitive statement is generally disfavored, and is used to provide a remedy for an unintelligible pleading rather than as a correction for lack of detail.  *Resolution Trust Corp. v. Gershman*, 829 F.Supp. 1095, 1103 (E.D. Mo. 1993).

Frazier v. SEPTA, 868 F. Supp. 757, 763 (E.D. Pa. 1994).  See Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (A complainant need only set forth sufficient facts in the complaint to put defendant on notice as to the nature and the basis for the claim).

Here, plaintiff has alleged in the Complaint that on May 12, 2007, while he was incarcerated at the Westmoreland County Prison and was being escorted back to his cell by a

3

guard, he was attacked and beaten by multiple named guards and/or employees of defendants' facility after asking to speak to a supervisor to ascertain why he was going to be "locked down;" that as a result of the assault he suffered blunt force trauma, lacerations, bleeding, bruising, loss of bodily function in shoulder, neck and arm, loss of teeth, and mental anguish, psychological and emotional trauma; that his injuries were witnessed by various court personnel at a bail hearing held within days of the alleged assault; that he failed to receive adequate and timely medical treatment for these injuries; and that it is defendants' policy and/or custom to be deliberately indifferent to the injuries and serious medical conditions of the inmates at the Westmoreland County Prison.  Complaint ¶¶ 11, 13, 14, 18, 20-22, 23.  Plaintiff also alleges that defendants' failure to adequately and timely treat the injuries he sustained as a result of the assault has resulted in permanent scarring, nerve tissue damage, and "loss of bodily function with respect to neck and shoulders, arm and biceps."  Complaint ¶ 24 b.

Defendants contend that these allegations fail to comply with the Court's directive that plaintiff specify what his medical needs and/or complaints were and what were the responses or lack of responses thereto.  The Court disagrees as the Complaint clearly sets forth the injuries plaintiff allegedly sustained as a result of being assaulted thereby providing defendants with notice of his medical needs.  Moreover, plaintiff's allegations that his injuries were visible and witnessed by others and that defendants were deliberately indifferent to his medical needs by failing to attend to those injuries as is their custom or policy, in and of itself, suggests a "lack of response[ ]" to his those needs in compliance with the Court's directive.  See Whetstone v. Ellers, 2009 WL 3055354, at *6 (M.D. Pa. September 24, 2009), citing Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) ("Deliberate indifference can be . . . knowing about the need for the

inmate's medical care but intentionally refusing to provide such care"). Thus, although the Complaint in this regard is not a model of specificity, it is nevertheless sufficient to place defendants on notice of what plaintiff's claim is and the grounds upon which it rests. See Phillips v. County of Allegheny, 515 F.3d 224, 231, 232 (3d Cir. 2008). Accordingly, defendants' motion to dismiss plaintiff's claims based on a failure to provide adequate medical treatment is properly denied.[2]

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.D.2, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/ s/ Amy Reynolds Hay
Chief United States Magistrate Judge

Dated: 26 October, 2009

cc: Hon. Joy Flowers Conti
United States District Judge

All Counsel of Record by CM-ECF

---

[2] To the extent that defendants alternatively seek a more definite statement on this claim, it too is properly denied. See Frazier v. SEPTA, 868 F. Supp. at 763.